**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BALTAZAR HERNANDEZ CHAN, | No. 2:26-cv-01269 KES FJS (HC) |
| Petitioner, | A-Number: 221-489-705 |
| v. | AMENDED[1] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION AND REQUIRING IMMEDIATE RELEASE |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., | Docs. 2, 6 |
| Respondents. | ORDER DIRECTING CLERK OF COURT TO UPDATE DOCKET |

Before the Court is petitioner Baltazar Hernandez Chan's motion for temporary restraining order.  Doc. 2.  The Court previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion.

---

[1] This amended order is issued to correct petitioner's A-Number.  There are no substantive changes to the order.

1

Doc. 5.  The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing.  *Id.* Respondents state: "Respondents do not have legal arguments to distinguish this case from prior orders issued by the Court, nor do Respondents find material factual differences between this case and those identified by the Court."  *See* Doc. 7 at 2.  While respondents oppose the motion, they do not raise any new arguments.[2]  *See id.* at 2-4.[3]  They also do not object to converting the motion.  *See id.* at 1-2.

Respondents also move to dismiss all respondents other than the Warden of California City Correctional Center, petitioner's immediate custodian, relying upon *Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024).  Doc. 6 at 1-2.  Respondent's reliance upon *Doe* is misplaced, as the Court did not address who may be named as a respondent when the relief includes a restraint on *future* detention.  That issue was addressed in *Dunne v. Henman*, where the Ninth Circuit explained that an official who has control over a future restraint on the petitioner's freedom is a "true custodian" and should be named as a respondent.  *Dunne v. Henman*, 875 F.2d 244, 248–49 (9th Cir. 1989) (citing *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484 (1973)).  As respondents other than the warden would be responsible for the decision to re-detain, the motion to dismiss is DENIED.

---

[2] Respondents cite to *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)), and *Avila v. Bondi*, --- F.4th ---, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) (finding that petitioner was subject to detention under § 1225(b)(2)(A)).  Doc. 6 at 2.  The Court finds the analysis in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)), and in the dissents in *Buenrostro-Mendez* and *Avila*, more persuasive on the statutory interpretation issue.

[3] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeals in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.) and *Benavides Carballo v. Andrews*, No. 25-6533 (9th Cir.).  Doc. 7 at 3.  *Rodriguez* concerns whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.  *Carballo* concerns an as-applied constitutional challenge to detention under § 1226(c).  *See* Doc. 6 at 3.  Given the nature of the relief petitioner seeks, the Court declines to defer a ruling on the motion for preliminary relief.  The magistrate judge may consider whether to hold further proceedings on the petition in abeyance.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondents release petitioner Baltazar Hernandez Chan (A-Number: 221-489-705) immediately. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[4]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release. Petitioner is hereby notified that this case will remain ongoing after he is released, and all further filings in this case will only be mailed to his address of record, which is currently the California City Detention Center. Following his release, petitioner must file a notice of change of address to update his address, by mailing that notice to the Clerk of Court at 2500 Tulare Street, Fresno, California 93721.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

The Clerk of Court is directed to serve California City Detention Center with a copy of this Order.

///

---

[4] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of Court is directed to update the docket to correct the A-Number of petitioner to 221-489-705.

IT IS SO ORDERED.

Dated:   April 17, 2026

_____
UNITED STATES DISTRICT JUDGE

4