UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALTAZAR H. C.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | Case No. 2:26-cv-01269-KES-FJS (HC)<br><br>(A-Number: 221-489-705)<br><br>ORDER VACATING SEPTEMBER 8, 2026, FINDINGS AND RECOMMENDATIONS (ECF No. 13)<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)<br><br>FOURTEEN (14) DAY DEADLINE |

Petitioner Baltazar H. C.[1] is a former immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 2, 2026, Petitioner filed a petition for writ of habeas corpus along with a motion for temporary restraining order. (ECF Nos. 1, 2.) On April 2, 2026, the district judge issued an order directing Respondent to show cause as to whether there were any factual or legal issues in this case that distinguish it from the court's prior orders in *Crispin M.C. v. Noem*, No. 1:25-CV-

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025). (ECF No. 5.) On April 14, 2026, Respondents filed a response. (ECF No. 6.) On April 17, 2026, the district judge converted the motion for temporary restraining order into a motion for preliminary injunction. (ECF No. 9.) As Respondent had not made any new legal arguments, or identified any factual or legal issues that distinguished the case from the court's prior decisions noted above, the court granted the motion, ordered Petitioner's immediate release, and enjoined the government from re-detaining Petitioner unless it provided no less than seven (7) days' notice and held a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. (*Id.*) Petitioner was informed that following his release, his case would remain ongoing and he must file a notice of change of address to update his address. (*Id.* at 3.) The matter was referred to the undersigned for further proceedings.

On May 11, 2026, the court issued a minute order directing the parties to advise within five (5) days whether they sought to provide additional briefing on the petition. (ECF No. 11.) No party replied. On June 1, 2026, the May 11, 2026, minute order was returned as "Undeliverable, Not Deliverable as Addressed." On September 10, 2026, following Petitioner's failure to file a notice of change of address or otherwise communicate with the court, the court issued findings and recommendations that the petition be dismissed, without prejudice, based on Petitioner's failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 183(b). (ECF No. 13.)

Upon further consideration, the court finds it appropriate to vacate the September 8, 2026, findings and recommendations, and to issue the instant findings and recommendations addressing the merits of the petition. As Respondent did not file a request for any additional briefing, the court will recommend the petition be granted for the same reasons set forth by the district judge in the order granting the motion for preliminary injunction. (ECF No. 9.)

The district judge also noted Respondent's request, in the alternative, that the court hold the case in abeyance pending the appeal in *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160 (9th

Cir. 2026). The district judge stated that the undersigned could consider whether deferring a ruling on the petition is warranted pending the Ninth Circuit's decision in *Bostock*. As the Ninth Circuit has since rejected the government's position and held that 8 U.S.C. § 1226(a) applies to noncitizens in Petitioner's circumstances, the undersigned recommends denying Respondent's request to hold the matter in abeyance.

The court's preliminary injunction restrained the government from seeking to re-detain Petitioner without: (1) first providing no less than seven (7) days' notice to him; and (2) holding a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations. (ECF No. 9 at 3.) Once the elements of a preliminary injunction were satisfied, this restraint furthered the aim of "preserv[ing] the *status quo ante litem* pending a determination of the action on the merits." *L.A. Mem'l Coliseum Comm'n v. N.F.L.*, 634 F.3d 1197, 1200 (9th Cir. 2009), *quoted in Sierra Forest Legacy v. Rey*, 557 F.3d 1015, 1023 (9th Cir. 2009). *See also Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (defining the *status quo* as "the last uncontested status which preceded the pending controversy) (internal citations and quotations omitted). Whether that provisional restraint should be incorporated in a permanent injunction warrants further analysis. A party seeking a permanent injunction must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013).

The undersigned recommends against incorporating the notice-and-hearing restraint incorporated in the preliminary injunction for three reasons. First, upon the granting of the motion for preliminary injunction, Petitioner was released from custody and secured the gravamen of the relief sought. 28 U.S.C. § 2255(a). *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."), *cited in Guan v. Bondi*, Case No. 26-cv-192-CCB-SJF, 2026 WL 772417, at *3

(N.D. Ind. Mar. 19, 2026). Second, a prospective permanent injunction imposing a seven-day notice requirement for this Petitioner before re-detention would necessarily require caveats. *See, e.g.*, 8 U.S.C. § 1231. It is unclear whether the court can anticipate all possible exceptions that may reasonably apply to a seven-day notice requirement. Third, requiring Respondents to individually track a special notice provision that applies only to Petitioner is burdensome and, as time passes and staff changes, likely to be lost to the bureaucratic abyss. This reality imposes an unbalanced hardship against Respondents that tips against imposition of a permanent injunction. This court is sensitive to Petitioner's concern that he will be re-detained on the same grounds that this court now rejects. While the court acknowledges each party's appellate rights, the court is confident Respondents will be mindful of complying with the disposition of this petition and that outcome's *res judicata* effects. *See United States v. Chung Shee*, 76 F. 951, 952-53, 956 (9th Cir. 1896) (affirming the release of an immigrant who was arrested on re-examination after previously obtaining habeas relief that permitted her entry to the United States because "[s]he cannot again be lawfully arrested and held on the same facts that were in issue in the [earlier habeas] proceeding"). Should that confidence prove to be misplaced, permanent injunctive relief may become appropriate.

## ORDER AND RECOMMENDATION

For the foregoing reasons, the court HEREBY ORDERS that the September 8, 2026, findings and recommendations, (ECF No. 13), be VACATED.

Furthermore, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus be GRANTED and Respondent's request to hold proceedings in abeyance be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits

<u>may be filed with objections.</u> The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **October 16, 2026**

UNITED STATES MAGISTRATE JUDGE